## IN THE UNITED STATES DISTRICT COURT OF ALABAMA
## SOUTHERN DISTRICT

| | | |
|---|---|---|
| HANCOCK WHITNEY BANK, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. |
| | | CV: 25-_____ |
| POINT CLEAR CAPITAL | § | |
| ADVISORS, LLC, DARRYL A. | | |
| SEELHORST, LRB EQUITIES, LLC | § | |
| POINT CLEAR CAPITAL PARTNERS, | | |
| LP, and POINT CLEAR CAPITAL | § | |
| MANAGMENET, LLC, | | |
| Individually and Jointly, | § | |
| Defendants. | § | |

## COMPLAINT

COMES NOW Plaintiff, Hancock Whitney Bank, and files its complaint against Defendants, Point Clear Capital Advisors, LLC, Darryl A. Seelhorst, LRB Equities, LLC, Point Clear Capital Partners, LP, and Point Clear Capital Management, LLC (individually a "Defendant" and collectively the "Defendants"), individually and jointly. In support of this Complaint, Hancock Whitney Bank states as follows:

## PARTIES

1.      Hancock Whitney Bank ("Hancock Whitney") is a Mississippi banking organization that is organized under the laws of the State of Mississippi, with its principal place of business in Mississippi, and routinely conducts business in the State of Alabama.

2.    Upon information and belief, Point Clear Capital Advisors, LLC ("PCC Advisors") is a registered corporation in Florida and conducts/conducted business in the State of Alabama. PCC Advisors' registered agent is Darryl A. Seelhorst, and PCC Advisors' registered street address is 14239 Perdido Key Drive, PH-8, Perdido Key, Florida 32507.

3.    Upon information and belief, Darryl A. Seelhorst ("Seelhorst") is an individual, over the age of nineteen (19) years, and is a resident of Baldwin County, Alabama.

4.    Upon information and belief, LRB Equities, LLC, ("LRB") is a registered corporation in Florida and conducts/conducted business in the State of Alabama.  LRB's registered agent is Seelhorst, and LRB's registered street address is 14239 Perdido Key Drive PH-8, Perdido Key, Florida 32507.

5.    Upon information and belief, Point Clear Capital Partners, LP ("PCC Partners") is a registered corporation in Florida and conducts/conducted business in the State of Alabama.  PCC Partners' registered agent is Seelhorst, and PCC Partners' registered street address is 14239 Perdido Key Drive, PH-8, Perdido Key, Florida 32507.

6.    Upon information and belief, Point Clear Capital Management, LLC ("PCC Management") is a registered corporation in Florida and conducts/conducted business in the State of Alabama.  PCC Management's registered agent is Seelhorst, and PCC Management's registered street address is 14239 Perdido Key Drive PH-8, Perdido Key, Florida 32507.

## JURISDICTION AND VENUE

7.      Venue is proper in the Southern District of Alabama.

8.      This District Court has jurisdiction over this civil action pursuant to 28 U.S.C. §1332.  There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs and interest, the minimum limits of the Court. Therefore, complete diversity of the parties is met and the claim between the parties exceeds the required jurisdictional amount necessary for diversity jurisdiction purposes.

## AGENCY

9.      Whenever it is alleged that PCC Advisors committed an act, it is also to be taken that PCC Advisors committed said act or acts through its officers, managers, members, directors, agents, owners, employees, servants, or representatives, acting with full authority, by virtue of express, apparent, or implied authority and agency within the course and scope of any employment and/or with the full ratification of PCC Advisors' acts.

10.     Whenever it is alleged that LRB committed an act, it is also to be taken that LRB committed said act or acts through its officers, managers, members, directors, agents, owners, employees, servants, or representatives, acting with full authority by virtue of express, apparent, or implied authority and agency within the course and scope of any employment and/or with the full ratification of LRB's acts.

11.     Whenever it is alleged that PCC Partners committed an act, it is also to be taken that PCC Partners committed said act or acts through its officers, managers, members,  directors, agents, owners, employees, servants, or representatives, acting with full authority, by virtue of express, apparent, or implied authority and agency within the course and scope of any employment and/or with the full ratification of PCC Partners' acts.

12.     Whenever it is alleged that PCC Management committed an act, it is also to be taken that PCC Management committed said act or acts through its officers, managers, members, directors, agents, owners, employees, servants, or representatives, acting with full authority, by virtue of express, apparent, or implied authority and agency within the course and scope of any employment and/or with the full ratification of PCC Management's acts.

## FACTUAL ALLEGATIONS

The  following  undisputed  facts  are  material  to  the  claims  asserted  in  this Complaint.

### PROMISSORY NOTE AND
### COMMERCIAL LINE OF CREDIT RENEWAL AGREEMENT AND NOTE
### HANCOCK WHITNEY LOAN 4757
### THE "4757 NOTE"
### THE "4757 RENEWAL"

13.     On May 28, 2021, Seelhorst, as manager of PCC Advisors, executed a Promissory Note (hereinafter the "4757 Note") on behalf of PCC Advisors, as Borrower, for Loan 4757 (hereinafter the "4757 Loan"), in the amount of $250,000.00 in favor of

Hancock Whitney.  A true and correct copy of the 4757 Note is attached hereto and incorporated by reference herein as **Exhibit "A".**

14.    On June 16, 2022, Seelhorst, as manager of PCC Advisors, executed a Commercial Line of Credit Renewal Agreement and Note (hereinafter the "4757 Renewal") on behalf of PCC Advisors, as Borrower, for Loan 4757-R1, in the amount of $300,000.00 in favor of Hancock Whitney.  A true and correct copy of the 4757 Renewal is attached hereto and incorporated by reference herein as **Exhibit "B".**

15.    PCC Advisors subsequently defaulted on the 4757 Note and 4757 Renewal. Hancock Whitney accelerated the indebtedness owed by PCC Advisors pursuant to its terms and conditions.  *See*, **Ex. A and B**.

16.    Hanock has previously demanded payment from PCC Advisors by way of demand letter dated March 19, 2025 (hereinafter the "Demand Letter") and provided PCC Advisors with time to cure same, but PCC Advisors has failed and/or refused to pay the amount due.   A true and correct copy of the Demand Letter is attached hereto and incorporated by reference herein as **Exhibit "C".**

17.    As of April 8, 2025, the outstanding amount owed to Hancock Whitney on the 4757 Note and the 4757 Renewal is $308,731.53, which consists of $300,000 in principal; $8,481.53 in accrued interest; and $250 in late fees. As of the date of this Complaint, interest continues to accrue at a rate of $75.00 per day.[1]

---

[1]    The 4757 Note contains a variable interest rate and the per diem is subject to change.

18.    The 4757 Note and the 4757 Renewal both provide for recovery of continuing interest and the costs of collection, including, without limitation, reasonable attorney fees and expenses. *See*, **Ex. A and B**.

**SEELHORST COMMERCIAL GUARANTY**
**HANCOCK WHITNEY LOAN 4757**
**THE "4757 SEELHORST GUARANTY"**

19.    On or about May 28, 2021, Seelhorst, as Guarantor for PCC Advisors, executed a Commercial Guaranty (the "4757 Seelhorst Guaranty"), in favor of Hancock Whitney, for the 4757 Loan.  A true and correct copy of the 4757 Seelhorst Guaranty is attached hereto and incorporated by reference herein as **Exhibit "D".**

20.    Pursuant to the 4757 Seelhorst Guaranty, identified as a Continuing Guarantee, Seelhorst agreed to "guarantee the full and punctual payment, performance, and satisfaction of the indebtedness of Borrower to Lender, now existing or hereafter arising or acquired, on an open and continuing basis".

21.    Seelhorst defaulted under the terms of the 4757 Seelhorst Guaranty.

22.    Hanock has previously demanded payment from Seelhorst and provided Seelhorst with time to cure same, but Seelhorst has failed and/or refused to pay the amount due. *See,* **Ex. C**.

23.    As of April 8, 2025, there is an outstanding balance due in the amount of $308,731.53 based on the terms of the 4757 Seelhorst Guaranty.  This amount does not include continuing interest, costs, expenses, and attorney fees.

24.    The 4757 Seelhorst Guaranty provides for recovery of continuing interest and the costs of collection, including, without limitation, reasonable attorney fees and expenses. *See*, **Ex. D.**

<u>**SEELHORST UNLIMITED CONTINUING GUARANTY**</u>
**HANCOCK WHITNEY LOAN 4757**
**THE "4757 SEELHORST UNLIMITED GUARANTY"**

25.    On or about June 16, 2022, Seelhorst, as Guarantor for PCC Advisors, executed an Unlimited Continuing Guaranty (the "4757 Seelhorst Unlimited Guaranty") in favor of Hancock Whitney, for the 4757 Loan.  A true and correct copy of the 4757 Seelhorst Unlimited Guaranty is attached hereto and incorporated by reference herein as **Exhibit "E".**

26.    Pursuant to the 4757 Seelhorst Unlimited Guaranty, Seelhorst "unconditionally, absolutely, and irrevocably guarantees to Lender the full and prompt payment and performance when due (whether at the maturity date or by required prepayment, acceleration, or otherwise) of all indebtedness of the Borrower to the Lender (notwithstanding the fact that from time to time, such indebtedness may be reduced and later increased, entirely extinguished and later re-incurred, or there may be no indebtedness outstanding), however created, of every kind and description, whether now existing or hereafter arising and whether direct or indirect, due or which may become due, absolute or contingent, primary or secondary, liquidated or unliquidated, whether originated with Lender or owed to others and acquired by Lender by purchase, assignment, or otherwise, and including without limitation all loans, advances,

indebtedness, and each and every other obligations arising under the Related Documents, and all agreements, instruments, and documents evidencing, guarantying, securing or otherwise executed in connection with any of the foregoing, together with any amendments, modifications, and restatements thereof, plus Expenses".

27.    Seelhorst defaulted under the terms of the 4757 Seelhorst Unlimited Guaranty.

28.    Hanock has previously demanded payment from Seelhorst and provided Seelhorst with time to cure same, but Seelhorst has failed and/or refused to pay the amount due.  *See,* **Ex. C**.

29.    As of April 8, 2025, there is an outstanding balance due in the amount of $308,731.53 based on the terms of the 4757 Seelhorst Unlimited Guaranty.  This amount does not include continuing interest, costs, expenses, and attorney fees.

30.    The 4757 Seelhorst Guaranty provides for recovery of continuing interest and the costs of collection, including, without limitation, reasonable attorney fees and expenses. *See*, **Ex. E**.

### LRB Equities, LLC Unlimited Continuing Guaranty
#### Hancock Whitney Loan 4757
#### The "4757 LRB Unlimited Guaranty"

31.    On or about June 16, 2022, Seelhorst, as President of LRB, executed an Unlimited Continuing Guaranty (the "4757 LRB Unlimited Guaranty") as Guarantor for PCC Advisors, in favor of Hancock Whitney, for the 4757 Loan.  A true and correct copy

of the 4757 LRB Unlimited Guaranty is attached hereto and incorporated by reference herein as **Exhibit "F".**

32.    Pursuant to the 4757 LRB Unlimited Guaranty, LRB "unconditionally, absolutely, and irrevocably guarantees to Lender the full and prompt payment and performance when due (whether at the maturity date or by required prepayment, acceleration, or otherwise) of all indebtedness of the Borrower to the Lender (notwithstanding the fact that from time to time, such indebtedness may be reduced and later increased, entirely extinguished and later re-incurred, or there may be no indebtedness outstanding), however created, of every kind and description, whether now existing or hereafter arising and whether direct or indirect, due or which may become due, absolute or contingent, primary or secondary, liquidated or unliquidated, whether originated with Lender or owed to others and acquired by Lender by purchase, assignment, or otherwise, and including without limitation all loans, advances, indebtedness, and each and every other obligations arising under the Related Documents, and all agreements, instruments, and documents evidencing, guarantying, securing or otherwise executed in connection with any of the foregoing, together with any amendments, modifications, and restatements thereof, plus Expenses".

33.    LRB defaulted under the terms of the LRB Unlimited Guaranty.

34.    As of April 8, 2025, there is an outstanding balance due in the amount of $308,731.53 based on the terms of the LRB Unlimited Guaranty.  This amount does not include continuing interest, costs, expenses, and attorney fees.

35.     The LRB Unlimited Guaranty provides for recovery of continuing interest and the costs of collection, including, without limitation, reasonable attorney fees and expenses. *See*, **Ex. F**.

**BUSINESS CREDIT CARD**
**HANCOCK WHITNEY CREDIT CARD 7162**
**THE "7162 CREDIT CARD"**

36.     Seelhorst, on behalf of and as Guarantor for PCC Management, general partner of PCC Partners, and in PCC Partners' name, applied for, obtained, and enjoyed the use and benefit of a business credit card with Hancock Whitney (the "7162 Credit Card"), bearing 7162 as the last four digits of the credit card account number.

37.     PCC Capital was bound by the 7162 Credit Card terms and conditions pursuant to the credit card agreement (hereinafter the "7162 Credit Card Agreement"). A true and correct copy of the 7162 Credit Card Agreement is attached hereto and incorporated by reference herein as **Exhibit "G"**.

38.     Hancock Whitney provided monthly account statements (hereinafter the "7162 Account Statements") to PCC Partners and requested that PCC Partners timely pay same.  True and correct copies of the 7162 Account Statements are attached hereto and incorporated by reference herein as **Exhibit "H"**.

39.     PCC Partners failed to fulfil its obligations under the 7162 Credit Card Agreement by, among other things, failing to make payments as promised under the terms and conditions of the 7162 Credit Card Agreement, and thus, has defaulted under the terms of the 7162 Credit Card Agreement.  *See*, **Ex. G**.

40.    Hancock Whitney has previously demanded payment from PCC Partners and Seelhorst due to this breach and provided PCC Partners and Seelhorst with time to cure the same, but PCC Partners and Seelhorst have failed and/or refused to pay the amount due.  *See,* **Ex. C**.

41.    A balance of $52,618.93 remains outstanding.  *See,* **Ex. H**.

42.    Accordingly, Hancock Whitney is entitled to general damages in the total amount of $52,618.93.  This amount does not include continuing interest, costs, expenses, and attorney fees that are recoverable pursuant to the 7162 Credit Card Agreement. *See*, **Ex. G**.

**PROMISSORY NOTE AND**
**COMMERCIAL SECURITY AGREEMENT**
**HANCOCK WHITNEY LOAN 3092**
**THE "3092 NOTE"**
**THE "3092 AGREEMENT"**

43.    On October 16, 2024, Seelhorst, as member of PCC Partners, executed a Promissory Note (hereinafter the "3092 Note") on behalf of PCC Partners, as Borrower, for Loan 3092 (hereinafter the "3092 Loan"), in the amount of $500,000.00 in favor of Hancock Whitney.  A true and correct copy of the 3092 Note is attached hereto and incorporated by reference herein as **Exhibit "I"**.

44.    On October 16, 2024, Seelhorst, as member of PCC Partners, executed a Commercial Security Agreement (hereinafter the "3092 Agreement") on behalf of PCC Partners, as Grantor, for the 3092 Loan, in favor of Hancock Whitney and to secure the repayment of the 3092 Note and all other Obligations/Indebtedness referenced therein.  A

true and correct copy of the 3092 Agreement is attached hereto and incorporated by reference herein as **Exhibit "J".**

45. PCC Partners subsequently defaulted on the 3092 Note and 3092 Agreement. Hancock Whitney accelerated the indebtedness owed by PCC Partners pursuant to its terms and conditions. *See*, **Ex. I and J.**

46. Hanock has previously demanded payment from PCC Partners and provided PCC Partners with time to cure same, but PCC Partners has failed and/or refused to pay the amount due. *See,* **Ex. C.**

47. As of April 8, 2025, the outstanding amount owed to Hancock Whitney on the 3092 Note and the 3092 Agreement is $512,582.14, which consists of $500,000.00 in principal; $11,781.69 in accrued interest; and $800.45 in late fees. As of the date of this Complaint, interest continues to accrue at a rate of $104.17 per day.[2]

48. The 3092 Note and the 3092 Agreement both provide for recovery of continuing interest and the costs of collection, including, without limitation, reasonable attorney fees and expenses. *See*, **Ex. I and J**.

<u>**SEELHORST COMMERCIAL GUARANTY**</u>
**HANCOCK WHITNEY LOAN 3092**
**THE "3092 SEELHORST GUARANTY"**

49. On or about October 16, 2024, Seelhorst, as Guarantor for PCC Partners, executed a Commercial Guaranty (the "3092 Seelhorst Guaranty"), in favor of Hancock

---

[2]    The 3092 Note contains a variable interest rate and the per diem is subject to change.

Whitney, for the 3092 Loan.  A true and correct copy of the 3092 Seelhorst Guaranty is attached hereto and incorporated by reference herein as **Exhibit "K"**.

50.    Pursuant to the 3092 Seelhorst Guaranty, identified as a Continuing Guarantee, Seelhorst agreed to "guarantee the full and punctual payment, performance, and satisfaction of the indebtedness of Borrower to Lender, now existing or hereafter arising or acquired, on an open and continuing basis".

51.    Seelhorst defaulted under the terms of the 3092 Guaranty.

52.    Hanock has previously demanded payment from Seelhorst and provided Seelhorst with time to cure same, but Seelhorst has failed and/or refused to pay the amount due.  *See,* **Ex. C.**

53.    As of April 8, 2025, there is an outstanding balance due in the amount of $512,582.14 based on the terms of the 3092 Guaranty.  This amount does not include continuing interest, costs, expenses, and attorney fees.

54.    The 3092 Guaranty provides for recovery of continuing interest and the costs of collection, including, without limitation, reasonable attorney fees and expenses.  See, **Ex. K**.

**MORTGAGE AND**
**PROMISSORY NOTE**
**HANCOCK WHITNEY LOAN 5240**
**THE "5240 MORTGAGE"**
**THE "5240 NOTE"**

55.    On or about February 27, 2024, Seelhorst executed a Mortgage (hereinafter the "5240 Mortgage") that secured repayment of the 5240 Note and all other

Obligations/Indebtedness referenced therein, and did mortgage to Hancock Whitney, all of Seelhorst's right, title, and interest in and to the real property more commonly known as 14239 Perdido Key Drive, Penthouse 8, Pensacola, Florida 32507. A true and correct copy of the 5240 Mortgage is attached hereto and incorporated by reference herein as **Exhibit "L"**.

56.    On or about February 27, 2024, Seelhorst, as Borrower, executed a Promissory Note (hereinafter the "5240 Note"), in the amount of $500,000.00 in favor of Hancock Whitney. The 5240 Note, which was commercial in nature and for commercial purposes, was executed by Seelhorst to provide a working capital line of credit to support Seelhorst's additional business activities. A true and correct copy of the 5240 Note is attached hereto and incorporated by reference herein as **Exhibit "M"**.

57.    Hancock Whitney provided a Mortgage Account Statement (hereinafter the "5240 Mortgage Account Statement") to Seelhorst for the period of April 2024 through March 2025, and requested that Seelhorst timely pay same.  A true and correct copy of the 5240 Mortgage Account Statement is attached hereto and incorporated by reference herein as **Exhibit "N"**.

58.    Seelhorst failed to perform his obligations under the terms of the 5240 Mortgage and the 5240 Note by, among other things, failing to make payment to Hancock Whitney as it became due pursuant to the terms of the 5240 Mortgage and 5240 Note, and thus, has defaulted under the terms and conditions thereof.  *See*, **Ex. L-N**.

59.    Hanock has previously demanded payment from Seelhorst and provided Seelhorst with time to cure same, but Seelhorst has failed and/or refused to pay the amount due. *See,* **Ex. C.**

60.    A balance of $512,963.90 remains outstanding. This amount is comprised of the loan balance of $499,892.90 (*See*, **Ex. N**), prejudgment interest of $12,508.08 as of April 8, 2025, and late charges of $562.92.

61.    Accordingly, Hancock Whitney is entitled to general damages under the 5240 Mortgage and the 5240 Note in the total amount of $512,963.90. This amount does not include continuing interest, costs, expenses, and attorney fees.

62.    The 5240 Mortgage and the 5240 Note both provide for recovery of continuing interest and the costs of collection, including, without limitation, reasonable attorney fees and expenses. *See*, **Ex. L and M.**

<u>**COUNT ONE**</u>
**BREACH OF CONTRACT – PROMISSORY NOTE**
**(DEFENDANT – PCC ADVISORS)**
**THE "4757 NOTE"**
**THE "4757 RENEWAL"**

63.    Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

64.    Hancock Whitney and PCC Advisors entered into the 4757 Note and the 4757 Renewal, which were valid and binding upon the parties.

65.    Hancock Whitney performed as required under the 4757 Note and the 4757 Renewal.

66.     PCC Advisors breached the 4757 Note and the 4757 Renewal by failing to perform as required under the 4757 Note and the 4757 Renewal.

67.     Hancock Whitney was damaged by PCC Advisors' nonperformance under the 4757 Note and the 4757 Renewal.

68.     Additionally, the 4757 Note and the 4757 Renewal both provide for recovery of cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Point Clear Capital Advisors, LLC on the 4757 Note and the 4757 Renewal, in the amount of $308,731.53, as a result of the Point Clear Capital Advisors, LLC's breach of the 4757 Note and the 4757 Renewal, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

<u>COUNT TWO</u>
**BREACH OF CONTRACT – SEELHORST COMMERCIAL GUARANTY**
**(DEFENDANT – SEELHORST)**
**THE "4757 SEELHORST GUARANTY"**

69.     Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

70.     Hancock Whitney and Seelhorst entered into the 4757 Seelhorst Guaranty, which was binding upon the parties.

71.    Hancock Whitney performed as required under the 4757 Seelhorst Guaranty.

72.    Seelhorst breached the 4757 Seelhorst Guaranty by failing to perform as required under the 4757 Seelhorst Guaranty.

73.    Hancock Whitney was damaged by Seelhorst's nonperformance under the 4757 Seelhorst Guaranty.

74.    Additionally, the 4757 Seelhorst Guaranty provides for recovery of cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Darryl A. Seelhorst on the 4757 Seelhorst Guaranty in the amount of $308,731.53, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT THREE
### BREACH OF CONTRACT – SEELHORST UNLIMITED CONTINUING GUARANTY
### (DEFENDANT –SEELHORST)
### THE "4757 SEELHORST UNLIMITED GUARANTY"

75.    Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

76.    Hancock Whitney and Seelhorst entered into the 4757 Seelhorst Unlimited Guaranty, which was binding upon the parties.

77.    Hancock Whitney performed as required under the 4757 Seelhorst Unlimited Guaranty.

78.    Seelhorst breached the 4757 Seelhorst Unlimited Guaranty by failing to perform as required under the 4757 Seelhorst Unlimited Guaranty.

79.    Hancock Whitney was damaged by Seelhorst's nonperformance under the 4757 Seelhorst Unlimited Guaranty.

80.    Additionally, the 4757 Seelhorst Unlimited Guaranty provides for recovery of cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Darryl A. Seelhorst on the 4757 Seelhorst Unlimited Guaranty in the amount of $308,731.53, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT FOUR
### BREACH OF CONTRACT – LRB EQUITIES, LLC UNLIMITED CONTINUING GUARANTY (DEFENDANT – LRB) THE "4757 LRB UNLIMITED GUARANTY"

81.    Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

82.    Hancock Whitney and Seelhorst, as President of LRB entered into the 4757 LRB Unlimited Guaranty, which was binding upon the parties.

83.    Hancock Whitney performed as required under the 4757 LRB Unlimited Guaranty.

84.    Seelhorst and LRB breached the 4757 LRB Unlimited Guaranty by failing to perform as required under the 4757 LRB Unlimited Guaranty.

85.    Hancock Whitney was damaged by Seelhorst and LRB's nonperformance under the 4757 LRB Unlimited Guaranty.

86.    Additionally, the 4757 LRB Unlimited Guaranty provides for recovery of cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against LRB Equities, LLC on the 4757 LRB Unlimited Guaranty in the amount of $308,731.53, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT FIVE
### OPEN ACCOUNT
### (DEFENDANT – PCC PARTNERS – 7162)
### (DEFENDANT – PCC MANAGEMENT – 7162)
### (DEFENDANT – SEELHORST – 7162)

87.    Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

88.    Hancock Whitney provided PCC Partners, through its general management, PCC Management and Seelhorst with the Statement of Account between the Parties reflecting the outstanding balance due, which is now overdue and immediately payable.

89.    PCC Partners, PCC Management, and Seelhorst have failed to pay the outstanding balance due in the Statement.

90.    PCC Partners, PCC Management, and Seelhorst owe a balance of $52,618.93 that is due on open account, plus interest, attorneys' fees, and costs.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Point Clear Capital Partners, LP, Point Clear Capital Management, LLC, and Darryl A. Seelhorst on the 7162 Credit Card, in the amount of $52,618.93, due on Open Account and breach of the 7162 Guaranty, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees and expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may prove itself entitled.

### COUNT SIX
**ACCOUNT STATED**
**(DEFENDANT – PCC PARTNERS – 7162)**
**(DEFENDANT – PCC MANAGEMENT – 7162)**
**(DEFENDANT – SEELHORST – 7162)**

91.    Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

92.     Hancock Whitney provided PCC Partners, PCC Management, and Seelhorst with the Statement of Account between the Parties reflecting the outstanding balance due, which is now overdue and immediately payable.

93.     PCC Partners, PCC Management, and Seelhorst have not objected to the correctness of the amounts due on the account.

94.     PCC Partners, PCC Management, and Seelhorst have failed to pay the outstanding balance due on the account.

95.     PCC Partners, PCC Management, and Seelhorst owe a balance of $52,618.93 that is due on open account, plus interest, attorneys' fees, and costs.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Point Clear Capital Partners, LP, Point Clear Capital Management, LLC, and Darryl A. Seelhorst on the 7162 Credit Card, in the amount of $52,618.93, due on Account Stated and breach of Guaranty, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees and expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may prove itself entitled.

### COUNT SEVEN
**BREACH OF CONTRACT – PROMISSORY NOTE**
**(DEFENDANT – PCC ADVISORS)**
**THE "3092 NOTE"**
**THE "3092 AGREEMENT"**

96.     Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

97.    Hancock Whitney and PCC Advisors entered into the 3092 Note and the 3092 Agreement, which were valid and binding upon the parties.

98.    Hancock Whitney performed as required under the 3092 Note and the 3092 Agreement.

99.    PCC Advisors breached the 3092 Note and the 3092 Agreement by failing to perform as required under the 3092 Note and the 3092 Agreement.

100.    Hancock Whitney was damaged by PCC Advisors' nonperformance under the 3092 Note and the 3092 Agreement.

102.    Additionally, the 3092 Note and the 3092 Agreement both provide for recovery of continuing interest and the cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff, Hanock Whitney Bank, respectfully demands judgment in its favor and against Point Clear Capital Advisors, LLC on the 3092 Note and the 3092 Agreement, in the amount of $512,582.14, as a result of the Point Clear Capital Advisors, LLC's breach of the 3092 Note and the 3092 Agreement, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT EIGHT
### BREACH OF CONTRACT – SEELHORST COMMERCIAL GUARANTY
### (DEFENDANT –SEELHORST)
### THE "3092 SEELHORST GUARANTY"

103.    Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

104.    Hancock Whitney and Seelhorst entered into the 3092 Seelhorst Guaranty, which was binding upon the parties.

105.    Hancock Whitney performed as required under the 3092 Seelhorst Guaranty.

106.    Seelhorst breached the 3092 Seelhorst Guaranty by failing to perform as required under the 3092 Seelhorst Guaranty.

107.    Hancock Whitney was damaged by Seelhorst's nonperformance under the 3092 Seelhorst Guaranty.

108.    Additionally, the 3092 Seelhorst Guaranty provides for recovery of cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Darryl A. Seelhorst on the 3092 Seelhorst Guaranty in the amount of $512,582.14, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT NINE
**BREACH OF CONTRACT – PROMISSORY NOTE
(DEFENDANT –SEELHORST)
HANCOCK WHITNEY LOAN 5240
THE "5240 MORTGAGE"
THE "5240 NOTE"**

109.    Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

110.    Hancock Whitney and Seelhorst entered into the 5240 Mortgage and the 5240 Note, which were valid and binding upon the parties.

111.    Hancock Whitney performed as required under the 5240 Mortgage and the 5240 Note.

112.    Seelhorst breached his contractual obligation when he defaulted under the terms of the 5240 Mortgage and the 5240 Note by failing to make payments as promised under the terms of the 5240 Mortgage and the 5240 Note.

113.    Seelhorst was bound under the terms and conditions of the 5240 Mortgage and the 5240 Note.

114.    Hanock has previously demanded payment from Seelhorst and provided Seelhorst with time to cure same, but Seelhorst has failed and/or refused to pay the amount due.

115.    As a result of Seelhorst's breach of his contractual obligations, Hancock Whitney has suffered and continues to suffer damages for which it now sues.

116.    As of April 8, 2025, an amount of $515,963.90 is currently due pursuant to the 5240 Mortgage and the 5240 Note, which consists of a principal balance in the

amount of $499,892.90, accrued interest in the amount of $12,508.08 (per diem $104.14), and late fees in the amount of $562.92. This amount does not include continuing interest, costs, expenses, and attorney fees.

WHEREFORE, above premises considered, Plaintiff, Hanock Whitney Bank, respectfully demands judgment in its favor against Darryl A. Seelhorst on the 5240 Note, in the amount of $515,963.90, as a result of the Darryl A. Seelhorst's breach of the 5240 Mortgage and the 5240 Note, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## RELIEF REQUESTED

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against the Defendants, Point Clear Capital Advisors, LLC, Darryl A. Seelhorst, LRB Equities, LLC, Point Clear Capital Partners, LP, and Point Clear Capital Management, LLC as follows:

(a) **Count One:** general damages against Defendant, Point Clear Capital Advisors, LLC, in the amount of $308,731.53 for breach of the 4757 Note and the 4757 Renewal, plus the applicable per diem;

(b) Additional prejudgment interest as provided by the 4757 Note and the 4757 Renewal;

(c)    **Count Two:** general damages against Defendant, Darryl A. Seelhorst, in the amount of $308,731.53 for breach of the 4757 Seelhorst Guaranty, plus the applicable per diem;

(d)    **Count Three:** general damages against Defendant, Darryl A. Seelhorst, in the amount of $308,731.53, for breach of the 4757 Seelhorst Unlimited Guaranty, plus applicable per diem;

(e)    **Count Four:** general damages against Defendant, LRB Equities, LLC in the amount of $308,731.53, for breach of the 4757 LRB Unlimited Guaranty, plus applicable per diem;

(f)    **Counts Five and Six:** general damages against Defendants, Point Clear Capital Partners, LP, Point Clear Capital Management, LLC, and Darryl A. Seelhorst, in the amount of $52,618.93, as currently due under breach of contract, open account, and account stated, pursuant to the 7162 Credit Card and breach of the 7192 Guaranty;

(g)    **Count Seven:** general damages against Defendant, Point Clear Capital Advisors, LLC, in the amount of $512,582.14, for breach of the 3092 Note and the 3092 Agreement, plus the applicable per diem;

(h)    **Count Eight:** general damages against Defendant, Darryl A. Seelhorst, in the amount of $512,582.14, for breach of the 3092 Seelhorst Guaranty, plus the applicable per diem;

(i)    Additional prejudgment interest as provided by the 3092 Note and the 3092 Agreement;

26

(j)    **Count Nine:** general damages against Defendant, Darryl A. Seelhorst, in the amount of $512,963.90, for breach of the 5240 Note and the 5240 Mortgage, plus application per diem;

(k)    Additional prejudgment interest as provided by the 5240 Note and the 5240 Mortgage;

(l)    All incurred, accruing, and future reasonable attorney fees and costs, plus reasonable attorney fees and costs that may be incurred in the event of any appeals and/or post judgment enforcement and/or collection efforts;

(m)    All accruing late charges and fees;

(n)    All costs of court;

(o)    Any and all costs of collection;

(p)    Interest at the maximum rate provided by the 4757 Note, the 4757 Renewal, the 4757 Seelhorst Guaranty, the 4757 LRB Unlimited Guaranty, the 3092 Note, 3092 Agreement, the 3092 Seelhorst Guaranty, the 7162 Credit Card, the 5240 Mortgage, the 5240 Note, and Alabama law, on the total amount of the judgment, from the date of judgment until paid in full; and

(q)    Such other and further relief to which Hancock Whitney Bank may be entitled.

Respectfully submitted this 10th day of April 2025.

HELMSING, LEACH, HERLONG,
NEWMAN & ROUSE, P.C.

**s/Joshua D. Friedman**
Jeffery J. Hartley  (HARTJ4885)
Joshua D. Friedman (FRIEJ1586)
Counsel for Plaintiff,
HANCOCK  WHITNEY BANK
 Post Office Box 2767
 Mobile, AL 36652
 (251) 432-5521; (251) 432-0633 Fax
 jjh@helmsinglaw.com
 jdf@helmsinglaw.com

## **NOTE TO CLERK**:

Please serve Defendant, ***DARRYL A. SEELHORST***, via Private Process Server as
follows:

Darryl A. Seelhorst
16291 Scenic Hwy 98
Fairhope, Alabama 36532

Please serve Defendant, ***POINT CLEAR CAPITAL ADVISORS, LLC***, via Private
Process Server as follows:

Point Clear Capital Advisors, LLC
Darryl A. Seelhorst, Registered Agent
14239 Perdido Key Drive PH-8
Perdido Key, Florida 32507

Please serve Defendant, ***LRB EQUITIES, LLC***, via Private Process Server as follows:

LRB Equities, LLC
Darryl A. Seelhorst, Registered Agent
14239 Perdido Key Drive PH-8
Perdido Key, Florida 32507

Please serve Defendant, **POINT CLEAR CAPITAL PARTNERS, LP**,
via <u>Private Process Server</u> as follows:

Point Clear Capital Partners, LP
Darryl A. Seelhorst, Registered Agent
14239 Perdido Key Drive, PH-8
Perdido Key, Florida 32507


Please serve Defendant, **POINT CLEAR CAPITAL MANAGEMENT, LLC**
via <u>Private Process Server</u> as follows:

Point Clear Capital Management, LLC
Darryl A. Sellhorst, Registered Agent
14239 Perdido Key Drive, PH-8
Perdido Key, Florida 32507


**s/Joshua D. Friedman**

4843-4572-6206, v. 1